**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | )   Docket no. 2:22-cr-00044-GZS |
| DARIO GIAMBRO, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON DEFENDANT'S SECOND MOTION FOR RECUSAL**

Before the Court is Defendant's Second Motion for Recusal (ECF No. 221). Having reviewed the Motion, the Government's Response (ECF No. 232), Defendant's Reply (ECF No. 242), along with the entire record, the Court DENIES the Motion.

## I.   BACKGROUND & PROCEDURAL HISTORY[1]

Defendant filed his first Motion for Recusal (ECF No. 128) on June 23, 2023.  After expedited briefing, this Court issued its decision denying that Motion on July 11, 2023 (ECF No. 134).  Thereafter, on July 14, 2023, Defendant filed an unopposed motion to continue seeking to remove this matter from the Court's August trial list (ECF No. 136).  On July 17, 2023, the Court held a conference of counsel, denied the request to continue, and set this matter for trial to begin on August 22, 2023 (ECF Nos. 137, 138 & 141).  Three days later, on July 20, 2023, Giambro sought a writ of mandamus from the First Circuit regarding the recusal ruling (ECF No. 147) as

---

[1] The Court incorporates by reference the detailed recitation of the procedural history contained in in its prior Order on Motion for Recusal (ECF No. 134).  See United States v. Giambro, No. 2:22-CR-00044-GZS, 2023 WL 4458981, *1-*4 (D. Me. July 11, 2023).

well as an order staying the criminal trial.  See generally In re Giambro, 1st Cir. 23-1604.  The First Circuit issued its judgment denying these requests on July 25, 2023 (ECF No. 153).

A jury was thereafter selected on August 2, 2023 (ECF No. 166) and trial commenced on August 22, 2023.  The jury commenced deliberations on the afternoon of August 23, 2023.  On this first day of deliberations, the Court received two notes from the jury. (See Court Exs. 3 & 4).  After conferring with counsel and considering their proposed responses, the Court responded to both jury notes in writing (See Court Exs. 5 & 6).

On the morning of August 24th,  it became apparent the jury was an at impasse.  (See Court Ex. 7.)  The Court convened a conference of counsel at which the Government requested the modified Allen charge, while Defendant requested a mistrial.  (ECF No. 216, PageID # 2359.)  The Court gave the modified Allen charge and instructed the jury to resume their deliberations.  (See id., PageID #s 2361-63.)  The Court then received another note from the jury regarding stipulations (Court Ex. 8).  After conferring with counsel, neither side objected to the Court's response.  (See Court. Ex. 9 & ECF No. 216, PageID #s 2365-66.)  The Court convened its next conference of counsel after receiving another jury note indicating an impasse with a holdout juror; at this point, the jury had engaged in ten hours of deliberations.  (See Court Ex. 10.)  After conferring with counsel and giving Defense counsel time to confer with Defendant, both sides agreed that a mistrial was appropriate.  (ECF No. 216, PageID # 2367-68.) The Court then brought the jury into the courtroom and confirmed in open court that each juror felt they were at an impasse and unable to reach a unanimous verdict.  (Id., PageID # 2369.)  After excusing the jury, the Court announced that the case would be placed on the October 2023 trial list with jury selection on October 2, 2023.

On August 25, the Clerk's Office reached out to all counsel to inquire as to the feasibility of beginning trial on October 16, 2023. (See ECF No. 227-2, PageID # 2459.)  Defense counsel

responded that they were available for trial the week of October 16.  (See id., PageID # 2458.)  The Government's initial response to the Clerk's Office asked for possible alternative dates in October due to four different law enforcement witnesses having scheduling conflicts that week.  (See id., PageID # 2457.)  In reply, the Clerk's Office proposed the alternative start date of October 10, 2023.  (See id., PageID # 2456.)  Attorney MacColl responded indicating that he had an out-of-state family wedding on October 7 and would prefer not to start trial on October 10.[2]  (See id., PageID #s 2455-56.)   Thereafter, the Government confirmed that all of its witnesses would be available for trial the week of October 10.  (See id., PageID # 2453.)  As reflected on the docket, on August 30, 2023, the Court then scheduled the retrial to begin on October 10, 2023 (ECF No. 212).

On August 31, 2023, the Government served trial subpoenas on two witnesses, Antonio Giambro and Kristen Giambro, for October 10, 2023.  (See ECF Nos. 217-1 & 223-1.)   On September 7, 2023, both witnesses moved to quash their respective subpoenas citing family plans to travel to Italy from October 2, 2023 until October 24, 2023.  (See ECF No. 217, PageID # 2374.)  They alternatively offered to be deposed prior to their departure or testify by live video.  (See id., PageID # 2375.)  After expedited briefing, the Court held a hearing on this motion to quash on September 21, 2023.  After considering the arguments and evidence presented, the Court denied the motion to quash.[3]

---

[2]  Attorney MacColl specifically informed the Clerk's Office that he did "not have firm plans to be away" on October 10, 2023.  ECF No. 227-2, PageID # 2456.

[3] As noted on the hearing record, the Court was willing to consent to a trial deposition and was able to participate as alternatively requested by the Government and the Movants.  See Fed. R. Crim. P. 15(h).  However, as a matter of law, it determined it could not proceed with a trial deposition in the face of Defendant's objection.

## II.     DISCUSSION

Defendant's Second Motion for Recusal invokes 28 U.S.C. § 455, which provides, in relevant part, that a judge must disqualify himself from a proceeding when: "his impartiality might reasonably be questioned," § 455(a); or "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," § 455(b)(1). "The test to determine whether a judge should be disqualified for alleged partiality [under § 455(a)] . . . 'is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man.'"  United States v. Kelley, 712 F.2d 884, 890 (1st Cir. 1983) (citation omitted); In re United States, 441 F.3d 44, 67 (1st Cir. 2006) ("A district judge, faced with a recusal motion, is . . . being asked to step outside . . . himself and take the objective view of an informed outsider.")

Defendant's pending Motion does not allege that at any time since July 11, 2023, this Judge acquired any facts outside of his judicial capacity that might have resulted in any bias or prejudice toward Defendant.  Rather, the grounds he advances "consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses." Liteky v. United States, 510 U.S. 540, 556 (1994).  Specifically, he relies on rulings on motions to continue, responses to jury notes,[4] and the Court's efforts to schedule a prompt retrial amid the District's full October trial list.  "All [of these actions] occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such

---

[4] Defendant's Motion does not specifically identify the notes in question.  Having reviewed the trial transcript, the Court notes that Defendant objected to the responses sent to two jury notes.  See Court Exs. 3-6; ECF No. 215, PageID #s 2352-55.

proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." Id.

Defense counsel attempts to compare this matter to their recent experience as counsel for a defendant in *United States v. Robbins*, D. Me. No. 2:22-cr-00012, a case involving twelve defendants and 59 counts. In doing so, they make two false assertions. First, the continuance in *Robbins* was not on the Court's "own motion." (ECF No. 221, PageID # 2385.) Rather, the motion to continue was made by one individual defendant, along with a related corporate defendant, with the consent of all co-defendants and the Government. (See ECF No. 271 in No. 2:22-cr-00012-GZS.) Second, Defense counsel incorrectly asserts the "circumstances" supporting the motion were "no more pressing" that the circumstances here. (ECF No. 221, PageID # 2385.) However, in *Robbins*, the request for a continuance was based on an individual defendant's "significant cardiac issues" that made the defendant "unable to effectively participate in his own trial defense" as well as other previously scheduled trials on the calendars of counsel for multiple co-defendants.[5] (Id., PageID #s 879-80.) By contrast, no motion to continue was filed in this matter and Defense counsel has simply suggested that having trial at a later date would better align with one attorney's own personal travel schedule and that of some witnesses.

The Court's scheduling of this matter reflects its own analysis of the interests of justice, Defendant's speedy trial clock, courtroom availability, as well as this Judge's own schedule and docket, including other matters awaiting adjudication. To the extent the counsel for Defendant and the Government, as well as two subpoenaed Government witnesses raised potential scheduling

---

[5] It is true that the *Robbins* case was reassigned on August 31, 2023, after this Judge determined that his schedule and staffing would not allow him to conduct a multi-week jury trial in January 2024.

conflicts, the Court gave due consideration to its ability to accommodate those conflicts.[6]  While Defense counsel speculates that these scheduling decisions are motivated by bias, prejudice, or an impending retirement,[7] such aspersions cannot provide a basis for recusal.  See In re United States, 158 F.3d 26, 35 (1st Cir. 1998) ("A party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify [him]self because the aspersions, *ex proprio vigore*, create a cloud on [his] impartiality.")

Ultimately, this Judge concludes that an informed outsider familiar with the entire procedural history of this matter would see the actions highlighted in Defendant's Motion as simply reflecting impartial, prompt administration of one criminal case.  Moreover, reviewing the pattern of vexatious motion practice that Defense counsel has engaged in as this matter has been calendared for trial, the same reasonable outsider could conclude that Defense counsel seeks to delay resolution of this case at all costs.  See United States v. Microsoft Corp., 253 F.3d 34, 108 (D.C. Cir. 2001) ("In the wrong hands, a disqualification motion is a procedural weapon to . . . delay proceedings.")

Once again, after giving thoughtful consideration to the issue, the Court finds "no objective basis for recusal" and thus concludes that this Judge "has a duty not to recuse himself."  In re United States, 441 F.3d at 67.

---

[6] While Defense counsel now speculates in their Reply that "it would be feasible to try this matter in November or December," the Court has received no joint proposal from counsel providing dates in November or December when all witnesses are available.  ECF No. 242, PageID # 2556.  Moreover, if counsel had inquired as to potential November dates, they would have been advised that the Judge's calendar has no availability for a trial starting prior to November 28, 2023.

[7] Contrary to Defense counsel's "good authority," this Judge does not "intend[ ] to step down from the bench at the end of October." (ECF No. 242, PageID # 2557.)  However, as a Senior Judge, this Judge has recently taken steps to reduce his District of Maine caseload going into 2024.

## III.   CONCLUSION

Therefore, Defendant's Second Motion for Recusal (ECF No. 221) is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 22nd day of September, 2023.