UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) Docket no. 2:22-cr-00044-GZS |
| DARIO GIAMBRO, | )<br>)<br>) |
| Defendant. | )<br>) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS
ON DOUBLE JEOPARDY GROUNDS**

Before the Court is Defendant's Motion to Dismiss on Double Jeopardy Grounds (ECF No. 229).  For reasons briefly stated herein, the Court DENIES the Motion without further briefing.

As Defendant acknowledges in his Motion, "if a mistrial results from a hung jury, the Supreme Court has indicated in several cases that the Double Jeopardy Clause is no bar to a second trial." (ECF No. 229, PageID # 2461 (citing <u>Richardson v. United States</u>, 468 U.S. 317 (1984) & <u>Logan v. United States</u>, 144 U.S. 263 (1892)).[1]  While Defendant suggests that this clear precedent should be revisited, this District Court is duty bound to apply binding precedent.  On this basis alone, the Court denies this Motion.

---

[1] <u>See also, e.g.</u>, <u>Smith v. United States</u>, 599 U.S. 236, 253 (2023) ("[T]he Double Jeopardy Clause is not triggered when a trial ends in juror deadlock.") (citing <u>Blueford v. Arkansas</u>, 566 U.S. 599, 610 (2012)); <u>United States v. Garske</u>, 939 F.3d 321, 336 (1st Cir. 2019) (concluding that double jeopardy did not bar retrial after a mistrial was declared based on manifest necessity and the mistrial was "not the product of any purposeful instigation or other government misconduct"); <u>United States v. McIntosh</u>, 380 F.3d 548, 553 (1st Cir. 2004) (noting that "a hung jury is the paradigmatic example of manifest necessity").

The Court notes an additional reason why Defendant cannot seek to invoke the Double Jeopardy clause to bar his retrial: Mr. Giambro ultimately consented to the declaration of a mistrial. See ECF No. 216, PageID # 2368 ("Mr. Giambro does not object to the Government's suggested mistrial, agrees it's appropriate."); PageID # 2371 (the Court reiterating that "both sides have agreed to a mistrial in this case" without objection).[2]  Having failed to properly present, much less preserve, any objection to the declaration of a mistrial, Defendant's belated invocation of the Double Jeopardy clause at this juncture is without merit and reflects an apparent attempt to delay retrial.  See, e.g., United States v. Candelario-Santana, 977 F.3d 146, 157 (1st Cir. 2020) ("[D]ouble jeopardy does not bar reprosecution in cases where the defendant either requests or explicitly consents to the declaration of a mistrial.")

Therefore, the Court DENIES Defendant's Motion to Dismiss on Double Jeopardy Grounds (ECF No. 229).

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 22nd day of September, 2023.

---

[2] In fact, the initial request for a mistrial was made by Defendant. See ECF No. 216, PageID # 2359 ("Mr. Giambro accepts the jury's note and believes a mistrial should be declared, Your Honor."), PageID # 2360 ("Mr. Giambro believes there should be a mistrial declared. He reserves his double jeopardy issues. I understand the Court likely has a different view on how that would be resolved."); see also United States v. Tucker, 61 F.4th 194, 203 (1st Cir. 2023)  ("When a defendant is the party requesting a mistrial then he or she is ordinarily deemed to have waived any subsequent claim of double jeopardy and so the manifest necessity standard does not come into play.") (cleaned up).  The Court notes that any attempt to reserve double jeopardy issues was not renewed when the Court received the jury's final note (Court Ex. 10) and determined that there was a manifest necessity for a mistrial.