UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:22-cr-00044-GZS |
| DARIO GIAMBRO, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO CONTINUE TRIAL**

Before the Court is Defendant's Motion to Continue Trial (ECF No. 253). Defendant seeks to continue a three-day retrial slated for jury selection on October 2, 2023, with trial to begin on October 10, 2023.

Given the timing and substance of Defendant's Motion, the Court concludes that the Motion is simply the latest in a series of "kitchen-sink" attempts to delay any retrial of this matter. While Defendant renews many arguments he has previously presented to the Court, he also now adds some new issues, including wanting additional time to evaluate an interlocutory appeal of the Court's Order on Defendant's Motion to Dismiss on Double Jeopardy Grounds (ECF No. 244), which has a total word count of 327.[1]

The Court notes that the first trial in this matter took place in August and required approximately 10 hours of trial time. Thus, in the Court's view, the preparation required for the October retrial is minimal. That said, the Court's view that Defendant has sufficient time to

---

[1] The Court notes that this Motion was premised on seeking to overturn Supreme Court precedents that date from as early as 1892 and, as the Court noted in its Order, were reaffirmed by the Supreme Court as late as 2023. See Order on Defendant's Motion to Dismiss on Double Jeopardy Grounds (ECF No. 244), PageID # 2565 (citing Logan v. United States, 144 U.S. 263 (1892) & Smith v. United States, 599 U.S. 236, 253 (2023)).

prepare is also informed by the fact that he has two attorneys, one of whom has not asserted any personal events impacting his ability to prepare for an October retrial.

While this Motion was filed a mere six days prior to jury selection, the Court notes that Defense Counsel did not propose any firm dates on which all counsel and witnesses would be available and ready for trial, nor did they apparently inquire and include the Government's position on the Motion, nor did they indicate that Mr. Giambro was willing to waive speedy trial for a specified period of time necessary to get to the next available trial date. All of these items are regularly included in successful motions to continue a criminal matter in the District of Maine.

Thus, based on the pending Motion, the Court cannot find that the ends of justice are served by continuing the trial in this matter. See 18 U.S.C. § 3161(h)(4). Rather, the best interest of the public and Defendant in a speedy trial require that this Motion be and hereby is DENIED.

SO ORDERED.

                                                  /s/ George Z. Singal
                                                  United States District Judge

Dated this 27th day of September, 2023.