UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:22-cr-00044-LEW |
| | ) | |
| DARIO GIAMBRO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S EMERGENCY MOTION FOR RELEASE ON BAIL PENDING APPEAL**

A jury found Defendant Dario Giambro guilty of violating 18 U.S.C. § 922(g)(1), the federal "felon-in-possession" statute. Judge George Z. Singal sentenced Giambro to thirty-six months' incarceration and denied Giambro's request to self-report to the Bureau of Prisons, concluding that Giambro could not demonstrate by clear and convincing evidence that he was not likely to flee or pose a danger to the community. Giambro is appealing his conviction, and the matter is before the Court on his Emergency Motion for Release on Bail Pending Appeal (ECF No. 319). I similarly and independently find that Giambro cannot demonstrate by clear and convincing evidence that he is not a flight risk if granted bail pending appeal, so his Motion is DENIED.

**DISCUSSION**

After a defendant is convicted and sentenced, release pending appeal is the exception rather than the rule. The district court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an

1

appeal . . . be detained" unless the district court makes two findings. 18 U.S.C. § 3143(b); *see also United States v. Colon-Munoz*, 292 F.3d 18, 20 (1st Cir. 2002) (explaining that "there is no presumption in favor of release pending appeal; on the contrary, even when the conviction does not involve a crime of violence or drug offense, detention (following conviction and sentencing) is mandatory unless" the district court makes two findings under § 3143(b) justifying release pending appeal).

First, the district court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(b)(A).

Second, the district court must find that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *Id.* § 3143(b)(B).

A "substantial question" requires that an issue be a "'close' question or one that very well could be decided the other way." *United States v. Bayko*, 774 F.2d 516, 522 (1st Cir. 1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). If "error is found, it must not be harmless or unprejudicial error." *Id.* Instead, the error must entail "reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Id.* (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)).

In his Motion, Giambro argues that he should be released pending appeal because he is not a flight risk or danger to the community and his appeal raises substantial questions

of law.  More specifically, Giambro maintains that his Motion to Suppress (ECF No. 65) and Motion to Dismiss Indictment (ECF No. 100), which were both denied, entail substantial questions of law.  In response, the Government contends that release pending appeal is inappropriate because Giambro cannot demonstrate by clear and convincing evidence that he is not a flight risk or danger to the community.

Regardless of whether Giambro's appeal involves a substantial question of law likely to result in reversal, and it may well,[1] Giambro's Motion must be denied because he has not demonstrated by clear and convincing evidence that he is not a flight risk.

Judge Singal rejected Giambro's request to self-report to the Bureau of Prisons because he was "not totally convinced by clear and convincing evidence that he is not likely to flee or pose a risk to any person or the community."  Sentencing Tr. (ECF No. 318) at

---

[1] I agree with the Government that Giambro's Motion to Suppress does not present a substantial question of law or fact likely to result in reversal.  Giambro moved to suppress evidence obtained from officers who entered his residence without a warrant.  Judge Singal denied the motion, reasoning that the emergency-aid exception applied.  Giambro argues that this was reversable error because the community-caretaking exception does not apply to residence searches.  Giambro's Mot. at 4 (citing *Caniglia v. Strom*, 593 U.S. 194, 198–99 (2021)).  His argument is unpersuasive because Judge Singal's decision turned on the emergency-aid exception, not the community-caretaking exception.  Giambro also argues, in a conclusory fashion, that Judge Singal incorrectly applied the emergency-aid exception.  Having reviewed Judge Singal's order, I disagree.  However, Giambro's Motion to Dismiss Indictment may entail a substantial question of law likely to result in reversal.  As the Government acknowledges, there is a growing circuit split as to whether prosecutions under 18 U.S.C. § 922(g)(1) are unconstitutional as applied to defendants with non-violent criminal histories.  *Compare Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 106 (3d Cir. 2023) (en banc) (holding that § 922(g)(1) was unconstitutional as-applied to the plaintiff-appellant, who had a prior conviction for making a false statement to obtain food stamps); *United States v. Duarte*, No. 22-50048, 2024 WL 2068016 (9th Cir. May 9, 2024) (holding that § 922(g)(1) was unconstitutional as applied to the defendant, who had five prior non-violent convictions), *with United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (rejecting "felony-by-felony litigation regarding the constitutionality of § 922(g)(1)").  The First Circuit has not yet weighed in, and it appears that the First Circuit could come out on either side of this circuit split about the Second Amendment.  *See generally New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 22 (2022); *United States v. Levasseur*, No. 1:22-CR-00155-LEW, 2023 WL 6623165 (D. Me. Oct. 11, 2023).  Tellingly, the Government has moved for a stay of the briefing schedule for Giambro's appeal pending the Supreme Court's decision in *United States v. Rahimi*.

127:24–128:1. Judge Singal reasoned that "Mr. Giambro still ha[d] several million dollars to use to flee," *id.* at 127:8–9, and that Giambro's "outbursts" during sentencing "continue[d] to convince" him "that he just simply doesn't obey court rules," *id.* at 127:18–20.[2] Thus, Judge Singal was not "convinced by clear and convincing evidence that he will not flee" or that "he's not a danger" because "he crosses lines when he crosses them." *Id.* at 127:20–23.

Giambro plainly presents a flight risk.[3] Magistrate Judge Karen Wolf[4] initially ordered detention pending trial, in part, because Giambro "has significant monetary assets, no debt, and little in the way of expenses."[5] Order of Detention Pending Trial (ECF No.

---

[2] For example, among several to choose from, Giambro interrupted Judge Singal and said: "You abused me in jail solely to take a test. You gave me cold; you wouldn't give me a blanket. That's abuse, sir. And you have to answer for it." Sentencing Tr. at 119:20–22.

[3] The Government asks that I "give deference to Judge Singal's finding that incarceration was required to prevent flight and mitigate the danger Giambro posed to the community." Gov't's Resp. in Opp'n (ECF No. 320) at 7. To be clear, I have not deferred to Judge Singal's findings as he is not an administrative agency (and I am not an appellate judge). In any event, I am a footnote-nine type of judge. *Cf.* Brett M. Kavanaugh, *Remarks at Notre Dame Law School*, 98 Notre Dame L. Rev. 1849, 1850 (2023) ("I'm a footnote-nine *Chevron* person."); *Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 207 v. Raimondo*, 18 F.4th 38, 40 (1st Cir. 2021) (reversing my issuance of a preliminary injunction). *But see Maine Lobstermen's Ass'n v. Nat'l Marine Fisheries Serv.*, 70 F.4th 582, 596–97 (D.C. Cir. 2023). Instead, I have independently reviewed the record, and I conclude that Giambro would present a flight risk if released pending appeal.

[4] Giambro argues that his initial detention pending trial "was due at least in substantial part to" (1) the Government mistakenly contending that the felon-in-possession charge created a presumption in favor of detention; (2) Giambro's counsel mistakenly agreeing that the presumption applied; and (3) Magistrate Judge Wolf mistakenly applying the presumption. Mot. at 1. During Giambro's detention hearing, it appears that everyone thought that this case involved a presumption in favor of detention. Detention Hearing Tr. (ECF No. 74) at 4:5–6, 13:6–18. Magistrate Judge Wolf's Order, however, did not apply a presumption in favor of detention. Instead, she explained that "no condition or combination of conditions of release will reasonably assure the safety of any other person and the community" or assure Giambro's appearance. Order of Detention Pending Trial (ECF No. 21) at 1.

[5] Giambro was later released pending trial, and he posted $1,000,000 cash bond. *See* Order Setting Conditions of Release (ECF No. 85).

21) at 2. That remains true today. *See* Sentencing Tr. at 127:8–9 ("My concern is that Mr. Giambro still has several million dollars to use to flee . . . ."). Furthermore, Magistrate Judge Wolf observed that Giambro has "been confrontational and threatening in the past with the Pretrial Services officers (including a need to terminate a visit because of officer safety concerns)" and that he has wholly failed to follow the law by amassing an arsenal of nearly 850 firearms despite being instructed by Judge Singal during his 2007 sentencing that he could no longer possess firearms as a convicted felon. Order of Detention Pending Trial at 3. It is true that Giambro was eventually released pending trial, and the Probation Office concluded that Giambro complied with his conditions of release. *See* Release Status Report (ECF No. 189); Release Status Report (ECF No. 278). But Giambro now stands before the Court having been convicted and sentenced, and if released, Giambro's remaining period of incarceration would be hanging over his head like the Sword of Damocles. In light of Giambro's apparent congenital inability to abide the law, his vast financial resources, and his truculent conduct before this Court, he cannot demonstrate by clear and convincing evidence, or by anything like it, that he is not a flight risk.

Accordingly, Giambro's Emergency Motion for Release on Bail Pending Appeal (ECF No. 319) is **DENIED**.

SO ORDERED.

Dated this 22nd day of May, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge